838 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Catherine ASBURY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1157.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and PORTER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Catherine Asbury appeals from the judgment entered by the United States District Court for the Eastern District of Michigan affirming the Secretary of Health and Human Services' denial of her claim for social security benefits.
 
 
 2
 Asbury was born on August 5, 1932 and has a twelfth grade education. She worked as a bus driver from 1970 to 1979 and worked as a cook from 1979 to May of 1980. Asbury claims to be disabled by degenerative arthritis in her knees brought on by an auto accident in 1980, by the after effects of a right radical mastectomy she underwent in January of 1981 and by bad nerves.
 
 
 3
 Asbury applied for benefits on May 18, 1984 claiming that she had been disabled since May 30, 1980. On July 25, 1985, an ALJ issued a decision finding her disabled as of December 1, 1984, but not before that time. On February 25, 1986, after reviewing the ALJ's decision on its own motion, the Appeals Council reversed the ALJ's decision and denied benefits based upon its finding that Asbury retained the residual functional capacity to perform her past relevant work. On December 11, 1986 the district court, rejecting a magistrate report and recommendation, affirmed the Appeals Council's denial of benefits.
 
 
 4
 On appeal, Asbury contends that there was not substantial evidence supporting the Secretary's determination that she was capable of performing her past relevant light work.
 
 
 5
 The difficulty of the issues in this appeal is evidenced by the disagreement which arose between the Appeals Council and its decision on its own motion to review, and the decision of the ALJ, which was to award benefits. In such circumstances, of course, our court has held that it is the final decision of the Secretary as evidenced by the decision of the Appeals Council, to whom is entrusted that responsibility, which is to be reviewed under the substantial evidence rule. Mullen v. Bowen, 800 F.2d 535 (6th Cir.1986) (en banc). So much is acknowledged by counsel for plaintiff Asbury who nonetheless correctly urges that our review is to be based upon the entire record, including that which fairly supports the decision of the Appeals Council, and as well as that which fairly detracts from it. The Secretary, however, in stressing the correctness of the Appeals Council's decision, relies upon Duncan v. Secretary of Health & Human Services, 801 F.2d 847 (6th Cir.1986), in which a denial of benefits was upheld under medical evidence similar to that at bar in that none of the physicians in either case while noting the existence of pain, was able to diagnose that pain as severe or disabling. Further, while plaintiff did allege disabling arthritis, at least one physician diagnosed it merely as "incipient". Under such circumstances and where the issues are close and where it might arguably be held that substantial evidence would support the decision either of the Secretary or of the AJJ, we are under Mullen obliged to uphold the decision of the Secretary as reflected in the Appeals Council's actions.
 
 
 6
 AFFIRMED.